IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAWN P. ARNOLD,                    :    CIVIL ACTION
                                    :    NO. 16-5539
            Petitioner,             :
                                    :
      v.                            :
                                    :
SUPERINTENDENT SCI                  :
FRACKVILLE, et al.,                 :
                                    :
            Respondents.            :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        August 22, 2018


        Petitioner Shawn P. Arnold ("Petitioner") brings this

pro se petition for a writ of habeas corpus under 28 U.S.C.

§ 2254 (the "Petition") challenging his Pennsylvania state court

conviction and sentence for five counts of armed robbery, which

followed his guilty plea.  Petitioner raises four claims,

including multiple claims of ineffective assistance of his trial

counsel, a violation of his due process rights during the guilty

plea process, and a claim that his sentence is unconstitutional

under the Sixth Amendment.  Petitioner also filed a motion to

stay his Petition on the basis that his state court post-

conviction proceeding (with respect to one of his grounds for

relief) is still pending.  Magistrate Judge Marilyn Heffley

recommended that the Court deny the Petition without granting a

stay and without issuing a certificate of appealability.

Petitioner objects.

For the reasons that follow, the Court will approve
and adopt Magistrate Judge Heffley's Report and Recommendation,
overrule Petitioner's objections, and deny Petitioner habeas
relief.  The Court will also decline to issue a certificate of
appealability.


I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 8, 2009, Petitioner entered an open
guilty plea in the Montgomery County Court of Common Pleas to
five felony armed robberies which occurred over the period of
one month in three separate counties.  See Report &
Recommendation ("R&R") at 1, ECF No. 21.  On December 2, 2009,
the trial court sentenced Petitioner to two consecutive terms of
ten to twenty years of imprisonment and three concurrent terms
of ten to twenty years of imprisonment for the five robberies,
for a total of twenty to forty years of imprisonment.  Id. at 2.
Petitioner was represented by counsel at both his plea hearing
and at his sentencing hearing.  Id. at 2-3.

Petitioner appealed his sentence on December 8, 2009.
On direct appeal, Petitioner argued that the trial court abused
its discretion when it sentenced him to two consecutive
sentences of ten to twenty years' imprisonment.  Id. at 2.  The

Pennsylvania Superior Court affirmed the judgment on May 16, 2011, and the Pennsylvania Supreme Court denied allocator on December 29, 2011.  Id.

On April 5, 2012, Petitioner filed a pro se petition for collateral review under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-46.  Id. at 2-3; see also ECF No. 7-3.  Petitioner then obtained counsel, who submitted an amended PCRA petition on June 21, 2012.  ECF No. 7-9. Petitioner's amended PCRA petition raised one claim: that his plea counsel provided ineffective assistance of counsel by incorrectly advising Petitioner that he was subject to a "third-strike" mandatory minimum sentence of twenty-five years to life, when in fact he was only eligible to receive a "second-strike" mandatory minimum sentence of ten to twenty years.  See id.

The PCRA court held a hearing on August 7 and 31, 2012, at which both Petitioner and his plea counsel testified. R&R at 3.  On July 19, 2013, the PCRA court denied Petitioner's petition in a one-page order.  See Order, Commonwealth v. Arnold, No. 8423-08 (Pa. Ct. Com. Pl. Montgomery Cty. July 19, 2013) ("PCRA Ct. Order"), ECF No. 10-37.  Petitioner appealed the denial of his PCRA petition to the Superior Court on August 9, 2013.  Id. at 3.  Following Petitioner's filing of the appeal, the PCRA court issued a memorandum opinion containing the factual and legal basis for its prior one-page order.  See

Op., Commonwealth v. Arnold, No. 8423-08 (Pa. Ct. Com. Pl. Montgomery Cty. Sept. 29, 2014) ("PCRA Ct. Op."), ECF No. 11-43.

The Superior Court affirmed the dismissal of Petitioner's PCRA petition on March 3, 2015. Opinion, Commonwealth v. Arnold, No. 2257 EDA 2013 (Pa. Super. Ct. Mar. 3, 2015) ("PCRA Super. Ct. Op."), ECF No. 10-65. Petitioner then filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on October 29, 2015. Commonwealth v. Arnold, 126 A.3d 1281 (Pa. 2015).

Petitioner filed the instant petition for writ of habeas corpus on October 12, 2016. See Petition, ECF No. 1. Petitioner brings four claims:

(1)   that he was denied due process of law and effective assistance of counsel, which rendered his guilty plea involuntary, because he was threatened with a sentence he was never eligible to receive in order to induce a guilty plea ("Ground One");

(2)   that he was denied due process of law and effective assistance of counsel when his plea counsel failed to file a motion to suppress an inculpatory statement, failed to properly inform Petitioner of potential maximum sentences, failed to ensure an adequate colloquy, and failed to ensure Petitioner an opportunity to withdraw his sentence after Petitioner learned he was threatened with an illegal sentence ("Ground Two");

(3)   that he was denied effective assistance of counsel, the cumulative effect of which violated Petitioner's constitutional rights ("Ground Three"); and

(4)   that he was denied his right to a jury determination of the facts underlying his sentencing enhancement,

rendering his sentence illegal under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013) ("Ground Four").

<u>See</u> <u>id.</u> at 8-13; Pet'r's Mem. at 17-41, ECF No. 1-1.

Together with his Petition, Petitioner filed a motion to stay this action pending the outcome of a second PCRA petition. <u>See</u> Mot. Stay & Abey, ECF No. 1-2 at 14-16. According to Petitioner, the second PCRA petition argues that his sentence is illegal under <u>Alleyne</u>, the same claim as Ground Four of the instant Petition. <u>See</u> <u>id.</u> at 2. Petitioner asserts that the second PCRA petition was timely filed, and the PCRA court has not yet issued a ruling on it. <u>See</u> <u>id.</u> As Petitioner has not yet exhausted his state law remedies with respect to Ground Four of the Petition, Petitioner requested that this Court stay the instant action. <u>See</u> <u>id.</u>

This Court referred the Petition to Magistrate Judge Heffley for a report and recommendation on November 10, 2016. ECF No. 3. The Commonwealth filed an initial response to the Petition on February 14, 2017, solely arguing that the Petition should be dismissed as untimely. ECF No. 14. Petitioner filed a reply on February 27, 2017. ECF No. 15.

On March 17, 2017, Judge Heffley directed the Commonwealth to file a supplemental brief addressing the merits of the Petition. ECF No. 16. The Commonwealth then filed a supplemental response on April 21, 2017. ECF No. 17.

Petitioner filed a supplemental reply on June 15, 2017, in which he withdrew Ground Four of his Petition and his motion to stay the Petition.  See Suppl. Reply at 12, ECF No. 20.

On July 25, 2017, Judge Heffley issued an R&R finding that the Petition was timely, but recommending that the Court deny the Petition on the basis that (1) Petitioner has failed to establish that the PCRA court's decision with respect to Ground One was either contrary to clearly established federal law or based on an unreasonable determination of the facts; (2) Grounds Two and Three are procedurally exhausted, and Petitioner has failed to demonstrate cause and prejudice for the default under Martinez v. Ryan, 566 U.S. 1 (2012); and (3) Petitioner's claim in Ground Four is meritless.[1]  See ECF No. 21.

On August 17, 2017, Petitioner filed objections to the R&R.  See ECF No. 24.  With respect to Ground One, Petitioner argues that both the PRCA court and Judge Heffley misunderstood his claim, which he contends is grounded in due process, not ineffective assistance of counsel.  With respect to Grounds Two and Three, Petitioner argues, as he did in his Petition, that any procedural default should be exhausted under Martinez, 566 U.S. 1, because his PRCA counsel was ineffective for failing to

---

[1]        Although Petitioner withdrew this claim, Judge Heffley addressed it for the sake of completeness.

raise his trial counsel's ineffectiveness.  Finally, Petitioner reiterated that he withdraws Ground Four.

The Commonwealth did not file a response to Petitioner's objections, which was due on August 31, 2017.  <u>See</u> ECF No. 24; Fed. R. Civ. P. 72(b)(2) (permitting a party to respond to another party's objections to an R&R within 14 of receipt).  The Petition is now ripe for disposition.

## II.  LEGAL STANDARDS

A district court may refer an application for a writ of habeas corpus to a United States magistrate judge for a report and recommendation.  <u>See</u> Rules Governing § 2254 Cases, R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636.").  A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof.  <u>See</u> 28 U.S.C. § 636(b)(1).  The district court does not, however, review objections that are generalized.  <u>See</u> <u>Brown v. Astrue</u>, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is 'not timely or not specific.'") (quoting <u>Goney v. Clark</u>, 749 F.2d 5, 6-7 (3d Cir. 1984).  "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636.

On habeas review, a federal court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).  A state court decision is "contrary to" established precedent when the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a different result from [Supreme Court] precedent."  Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  A state court decision involves an "unreasonable" application of established precedent when the "state court identifies the correct governing legal principle but unreasonably applies it to the facts of the prisoner's case.  Id. at 64.

Under the AEDPA, on habeas review, a federal court must presume that factual findings of state trial and appellate courts are correct.  Stevens v. Del. Corr. Ctr., 295 F.3d 361, 368 (3d Cir. 2002).  A petitioner may only overcome this presumption on the basis of clear and convincing evidence to the

contrary. Burt v. Titlow, 571 U.S. 12, 18 (2013). "AEDPA
requires a state prisoner [to] show that the state court's
ruling on the claim being presented in federal court was so
lacking in justification that there was an error . . . beyond
any possibility for fairminded disagreement." Id. at 20
(quoting Harrington v. Richter, 562 U.S. 86, 104 (2011)).

A habeas petitioner must "exhaust [] the remedies
available in the courts of the State" before obtaining habeas
relief. 28 U.S.C. § 2254(b)(1)(A). If the state courts have
declined to review the merits of a petitioner's claim based on
his failure to comply with a state rule of procedure, the claim
is procedurally defaulted. See Harris v. Reed, 489 U.S. 225,
262-63 (1989). Although "[a] habeas petitioner who has
defaulted his federal claims in state court meets the technical
requirements for exhaustion[, as] there are no state remedies
any longer 'available' to him," Coleman v. Thompson, 501 U.S.
722, 732 (1991), procedurally defaulted claims cannot be
reviewed unless "the [petitioner] can demonstrate cause for the
default and actual prejudice as a result of the alleged
violation of federal law, or demonstrate that failure to
consider the claims will result in a fundamental miscarriage of
justice." Id. at 750.

A court is to construe a prisoner's pro se pleading
liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

curiam), and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); see also Higgs v. Att'y. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("[W]hen presented with a pro se litigant, we 'have a special obligation to construe his complaint liberally.'" (quoting United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999))); cf. Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").


**III. DISCUSSION**

Petitioner raises three objections: (1) that Judge Heffley ignored his due process claim, in which he contended that the Commonwealth threatened him with a sentence that he was not eligible to receive in order to extract a guilty plea; (2) that his ineffective assistance of counsel claim was incorrectly decided under Strickland; and (3) that the Court should excuse the procedural default of the rest of his claims under Martinez, and find that those claims have merit.

For the reasons that follow, the Court will overrule Petitioner's objection, adopt the R&R, and deny Petitioner habeas relief.

A.    Timeliness

        The Commonwealth did not object to Judge Heffley's
finding that the Petition is timely.  Therefore, this Court
reviews the timeliness issue for clear error.  See Henderson v.
Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also Fed. R. Civ.
P. 72, 1983 advisory committee notes ("When no timely objection
is filed, the court need only satisfy itself that there is no
clear error on the face of the record in order to accept the
recommendation.").

        Under the Antiterrorism and Effective Death Penalty
Act of 1996 ("AEDPA"), there is a one-year limitations period
for federal habeas corpus petitions brought by a person in
custody pursuant to the judgment of a state court.  28 U.S.C.
§ 2244(d)(1).  This statute of limitations is tolled during the
pendency of properly-filed application for post-conviction
relief in state court.  See 28 U.S.C. § 2244(d)(2).

        Here, Petitioner's conviction and sentence became
final on March 28, 2012, the date that Petitioner's time to file
a petition for writ of certiorari to the United States Supreme
Court expired.  See Kapral v. United States, 166 F.3d 565, 570-
71 (3d Cir. 1999) (holding that a conviction is not final "until
the time for seeking certiorari review expires" which is defined
as ninety days).

Petitioner filed his PCRA petition on April 5, 2012, eight days after the statute of limitations began to run. See R&R at 7. The petition was denied on July 19, 2013, see id. at 3, the Pennsylvania Superior Court affirmed the denial on March 3, 2015, Commonwealth v. Arnold, 120 A.3d 1043 (Pa. Super. Ct. 2015), and the Pennsylvania Supreme Court denied allocator on October 29, 2015, Commonwealth v. Arnold, 126 A.3d 1281 (Pa. 2015). Thus, Petitioner's time to file the instant Petition was tolled from April 5, 2012, until October 29, 2015. On that date, Petitioner had 357 days remaining in the one-year statute of limitations, making his deadline to file the instant Petition October 20, 2016.

The instant Petition was filed on October 12, 2016, the date it was signed, dated, and delivered to prison officials. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "[a] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court"). The Petition is therefore timely.

B. Ground One: Ineffective Assistance of Counsel and "Due Process" Claims

In Ground One, Petitioner asserts a "due process" claim and an ineffective assistance of counsel claim. See

Pet'r's Mem. at 17.  Both claims stem from misinformation
Petitioner allegedly received during the guilty plea process
that led him to believe that he was eligible to be sentenced as
a third-strike offender under 42 Pa. Cons. Stat. Ann.
§ 9714(a)(2), resulting in a mandatory minimum sentence of
twenty-five years to life, as opposed to his actual sentence
exposure of ten to twenty years as a second-strike offender
under 42 Pa. Con. Stat. Ann. § 9714(a)(1).  See id. at 18.

        Petitioner asserts that he was "threatened" with the
incorrect third-strike sentence by the prosecution in an effort
to coerce his guilty plea.  Id. at 19.  Petitioner also alleges
that his attorney incorrectly advised him that he was eligible
for the third-strike sentence.  See id. at 20.  According to
Petitioner, as a result of this misinformation, he pleaded
guilty.  See id. at 21.  He claims that, had he known that he
was not eligible for the higher third-strike mandatory minimum
sentence, and was instead only facing ten to twenty years of
imprisonment, he would not have pleaded guilty and he would have
proceeded to trial.  See id.  On this basis, he argues that his
guilty plea was not voluntary, in violation of the Due Process
Clause of the Fourteenth Amendment, and that his attorney
provided ineffective assistance of counsel, in violation of the
Sixth Amendment.  See id.

In his objections, Petitioner argues that Judge Heffley gave undue deference to the PCRA court's factual findings with respect to his ineffective assistance of counsel claim, and entirely ignored his separate due process claim. See Objs. at 9.

### 1.  Ineffective Assistance of Counsel

Petitioner objects that the Petition should be granted with respect to his ineffective assistance of counsel claim because his plea counsel incorrectly "told [him] that he was eligible for, and would receive, a third strike of 25 years to life," as opposed to the shorter, ten-year to twenty-year sentencing range that actually applied. Objs. at 2.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) his counsel's performance was so deficient that it fell below an objective standard of reasonableness and that (2) counsel's deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984).

Counsel falls below the threshold of reasonable performance when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687). With respect to

the second prong of Strickland, a petitioner "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. (quoting Strickland, 466 U.S. at 694).

     The Sixth Amendment guarantees the right to counsel during the plea negotiation process.  Missouri v. Frye, 566 U.S. 134, 140 (2012) (citing Argersinger v. Hamlin, 407 U.S. 25 (1972)).  When a criminal defendant is faced with a plea offer, his counsel is required to properly advise the defendant regarding the potential sentencing exposure he faces, both if he pleads guilty and if he decides to proceed to trial.  See Padilla v. Kentucky, 559 U.S. 356, 372 (2010).  An attorney's failure to do so may constitute deficient performance, satisfying the first prong of Strickland.  Id. at 374; see also Fed. R. Crim. P. 11(b) (requiring attorneys and the court to ascertain a defendant's knowledge of specified consequences of a guilty plea); cf. Frye, 566 U.S. at 145.

     Where a petitioner contends that his attorney's deficient performance caused him to plead guilty and waive his constitutional right to a trial, the petitioner demonstrates prejudice by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial." Hill v. Lockhart,
474 U.S. 52, 59 (1985); see also Boyd v. Waymart, 579 F.3d 330,
350 (3d Cir. 2009) (en banc) (applying Hill in the context of an
open guilty plea agreement). Further, to demonstrate prejudice,
a petitioner must show that it "would have been rational under
the circumstances" to reject a plea agreement. Padilla, 559
U.S. at 372.

On federal habeas review of an ineffective assistance
of counsel claim, the "pivotal question is whether the state
court's application of the Strickland standard was
unreasonable." Harrington, 562 U.S. at 101. Thus, federal
habeas review of a state court's determination of an ineffective
assistance of counsel claim is "doubly" deferential. Id. at
105. Under this standard, "Strickland's 'high bar' becomes even
more difficult to surmount." McBride v. Superintendent, SCI
Houtzdale, 687 F.3d 92, 103 (3d Cir. 2012) (citing Harrington,
562 U.S. at 105).

For the reasons set forth below, the state court's
decision regarding Petitioner's ineffective assistance of
counsel claim was not contrary to, or an unreasonable
application of, clearly established federal law and was not
based on an unreasonable determination of the facts in light of
the evidence presented. See 28 U.S.C. § 2254(d).

16

Here, the PCRA court held a two-day hearing in order to determine whether Petitioner's factual assertions – that his counsel incorrectly advised him regarding his sentencing exposure, and that he pleaded guilty because of that incorrect advice – were true.  See Hr'g Tr., Aug. 31, 2012, ECF No. 7-14; Hr'g Tr., Aug. 7, 2012, ECF No. 7-15.  During the hearing, both Petitioner and his trial counsel testified.  See id.

Petitioner testified that he only pleaded guilty "[t]o avoid a third strike."  Aug. 7 Tr. at 8.  Petitioner stated that his plea counsel sent a letter to him explaining that Petitioner would be subject to a third strike sentence.  Petitioner also testified that his attorney informed him that the only way to avoid a third strike sentencing enhancement was to plead guilty immediately and accept the imposition of second strike enhancements.  Aug. 7 Tr. at 8.  Furthermore, Petitioner recalled that, at the sentencing hearing, the prosecuting attorney was still mentioning the possible applicability of a third strike sentencing.  Id. at 9.

Petitioner's trial counsel disagreed with Petitioner's assertions.  He testified that he had, in fact, explicitly informed Petitioner both via letter and orally that he was not eligible for a third strike sentencing enhancement prior to entering his guilty plea.  See Aug. 31 Tr. at 10-11, 12-13.

Petitioner's counsel also testified that he believed that
Petitioner pleaded guilty not because he wanted to avoid a
third-strike penalty, but instead, because "he was essentially
caught and there was no way around it . . . . We essentially had
no defense." Id. at 14.

Following the hearing, the PCRA court denied
Petitioner's PCRA petition in a one-page order. See PCRA Ct.
Order. After Petitioner filed an appeal of the order, the PCRA
court issued an opinion outlining its findings of fact and
conclusions of law that provided the basis for its prior order.
See PCRA Ct. Op.

First, the PCRA court found that Petitioner had not
met his burden to demonstrate that his counsel misadvised him,
i.e., that his counsel's performance fell below a standard of
reasonable performance under the first prong of Strickland. See
id. at 19. In reaching that conclusion, the court relied on the
testimony at the hearing, finding Petitioner's counsel's
testimony that he told Petitioner he was not eligible for a
third-strike sentence "credible," and Petitioner's testimony
that his counsel misadvised him "incredible." Id.

The PCRA court considered a variety of factors in
arriving at its conclusion that Petitioner was not misadvised as
to the applicability of a third strike sentencing enhancement.
Markedly, the court noted that Petitioner's plea counsel

informed Petitioner that the third strike sentencing provision was not applicable in a subsequent letter to him after a more thorough examination of Petitioner's criminal history and relevant law. Id. at 18. Furthermore, the court examined the transcripts of the open guilty plea hearing, at which Petitioner was present and during which Petitioner's counsel "clearly stated on the record during the colloquy that the maximum sentence for the felonies" constituted a second strike sentence "and that [Petitioner] was pleading open, meaning that there was no agreement as to the sentence." Id.

The court also determined that, even if Petitioner was given incorrect advice, he did not satisfy the second prong of Strickland, i.e., he failed to demonstrate that any misunderstanding regarding his sentencing exposure was a "but for" cause of his guilty plea. Id. at 19. Instead, the PCRA court found that the true reason Petitioner pleaded guilty was because he was likely to be found guilty and because he was, in fact, guilty. See id. at 18; see also id. at 19 (finding that Petitioner's "repeated admissions of guilt . . . support [Petitioner's plea counsel]'s assessment and actions.").

The Superior Court affirmed the PCRA court's ruling, finding that ample evidence existed in the record to uphold the lower court's factual determinations. PCRA Super. Ct. Op. at 3-4. The court first recognized the presumption of attorney

19

competence under binding case law.  Id. at 4 (citing

Commonwealth v. Bennett, 57 A.3d 1185, 1195 (Pa. 2012)).  The

Superior Court then deferred to the lower court on credibility

determinations, noting that the court specifically "did not

credit" Petitioner's PCRA hearing testimony, and reaffirmed that

credibility determinations are binding on a reviewing court when

"the record supports them."  Id. at 6 (citing Commonwealth v.

Dennis, 17 A.3d 297, 305 (Pa. 2011)).  The Superior Court

ultimately found that Petitioner's plea counsel's performance

did not fall below a standard for attorney competence because it

did not find Petitioner's testimony credible.  Id. at 7-8.

Regarding the second, "prejudice" prong of the

Strickland test, the court held that Petitioner had "utterly

failed" to prove prejudice.  Id. at 5.  Observing the

insurmountable physical evidence against Petitioner as to the

robberies, the court looked favorably upon Petitioner's counsel

summation that Petitioner was "essentially caught."  Id.

Finally, the Superior Court noticed with skepticism that

Petitioner's first claim that he was incorrectly advised of the

maximum sentence occurred three years after Petitioner's

sentence and that his direct appeal centered on the question of

abuse of judicial discretion in applying a consecutive sentence.

Id. at 8 n.1.

b.  Analysis

Under the first prong of Strickland, Petitioner must
demonstrate that that the advice his attorney gave him regarding
his sentencing exposure was incorrect.  On habeas review, a
federal court must defer to state court factual and credibility
determinations.  See Burt, 571 U.S. at 18 (noting that "the
prisoner bears the burden of rebutting the state court's factual
findings 'by clear and convincing evidence'") (quoting 28 U.S.C.
§ 2254(e)(1)).  As Petitioner points out in his objections to
the R&R, "deference does not imply abandonment or abdication of
judicial review."  Miller-El v. Cockrell, 537 U.S. 322, 340
(2003).  Instead, a federal court "can disagree with a state
court's credibility determination and, when guided by the AEDPA,
conclude the decision was unreasonable or that the factual
premise was incorrect by clear and convincing evidence."  Id.

Here, the PCRA court, having heard testimony from
Petitioner and his trial counsel, determined that Petitioner's
trial counsel did, in fact, accurately inform Petitioner that he
was not subject to the third-strike sentence.  See PCRA Ct. Op.
at 18.  The PCRA court also noted that in Petitioner's own
letters to counsel during his direct appeal, in which he
challenged the imposition of consecutive sentences, Petitioner
repeatedly admitted his guilt and his understanding that the
second strike provision applied to his crimes.  See id. at 19.

Petitioner argues in his objections that Judge Heffley ignored clear and convincing evidence establishing that the PCRA's credibility determinations were incorrect.  See Objs. at 4-10.  Specifically, Petitioner asserts that the PCRA court should have believed his testimony that he was incorrectly informed that he was subject to a third strike sentenced based on (1) the ADA's statements during the plea colloquy that she had discussed the possibility of a third strike sentence with defense counsel, and would give him notice if she intended to seek it at sentencing; and (2) the lack of any other discussion of second or third strike sentences during the plea colloquy. With respect to trial counsel's testimony at the PCRA hearing that he informed Petitioner that he was not eligible for a third strike, Petitioner argues that the testimony is "baseless" in light of (1) counsel's earlier letter to Petitioner stating that the third strike was applicable; and (2) the lack of evidence that Petitioner ever received the letter counsel claims he sent to Petitioner correcting that misinformation.  See id. at 5-9.

Petitioner is correct that there was some discussion of third strike sentences during his plea colloquy, and that the ADA mentioned that a third strike sentence may be applicable. However, the ADA also stated that the second strike sentence was ten to twenty years, and the trial court later asked Petitioner whether he understood that the maximum sentence he was facing

was ten to twenty years – i.e., the second strike sentence.

Petitioner answered that he understood that the maximum sentence

he faced was ten to twenty years.  Given that the trial court

informed Petitioner of the maximum sentence he faced after the

ADA's discussion of the potential for a third strike sentence,

any confusion that may have resulted from the ADA's comments was

corrected by the court.  Therefore, Petitioner has failed to

introduce clear and convincing evidence rebutting the PCRA's

factual determination that Petitioner's testimony was not

credible.  See Miller-El, 537 U.S. at 340; 28 U.S.C.

§ 2254(e)(1).

        The Court also finds that Petitioner has failed to

introduce clear and convincing evidence that the PCRA court

incorrectly found his counsel's testimony credible.

Petitioner's counsel acknowledged that his initial advice

regarding the applicability of a third strike sentence was

incorrect.  However, Petitioner's counsel also testified that he

sent Petitioner another letter stating that he did not agree

with the ADA that Petitioner was eligible for a third strike,

and that he separately had "numerous discussions" with

Petitioner in which he explained that the third strike was not

applicable.  The PCRA court found this testimony credible.

Petitioner has not submitted any evidence – much less clear and

convincing evidence – undermining his counsel's testimony during

the PCRA hearing.  Instead, Petitioner contends that this Court should override the PCRA court's credibility finding because his counsel does not have any proof that Petitioner received the second letter correcting the earlier misinformation.  However, even if Petitioner did not receive the second letter, Petitioner's counsel testified that he had "numerous discussions" with Petitioner in which he advised Petitioner that the third strike was not applicable.  Petitioner does not have any evidence (aside from his own contrary assertions) that that testimony was false.  Accordingly, the Court will uphold the PCRA court's factual finding that Petitioner's counsel correctly informed Petitioner of the sentence he faced.  See Miller-El, 537 U.S. at 340; 28 U.S.C. § 2254(e)(1).

With respect to the second prong of Strickland, Petitioner must demonstrate that his counsel's deficient performance is the reason that he pleaded guilty, and that, but for that advice, he would have decided to plead not guilty and proceed to trial.  See Hill, 474 U.S. at 59.  Here, the PCRA court again found Petitioner's testimony incredible, concluding, as a factual matter, that the reason Petitioner pleaded guilty was that he believed that he was guilty, and not because he was concerned about receiving a higher sentence.

Judge Heffley found that the record supported the PCRA court's conclusions, including (1) Petitioner's repeated

admissions of guilt in his letter to counsel, and (2) the fact
that a bag discarded by the assailant during one of the
robberies was discovered to contain sunglasses, a ski mask, and
a fake gun - all of which matched those used during the robbery
- together with a receipt confirming that the items were
purchased with Petitioner's credit card.  See R&R at 14-15
(citing Aug. 31 Tr. at 14).

        In his objections, Petitioner maintains that although
he committed one of the six robberies for which he pleaded
guilty, he was innocent of the other five robberies and solely
pleaded guilty to avoid the third strike sentence threatened by
the prosecution.  See Objs. at 8-9.  Petitioner contends that
the evidence identified by Judge Heffley related solely to one
of the six robberies, and that there was no evidence connecting
him to the other five robberies.  Id. at 8.  He explains that he
told his PCRA counsel that he was guilty because he feared that
if he continued to profess his innocence, counsel would ignore
him.  Id. at 9.

        Regardless of whether the evidence noted by
Petitioner's counsel at the PCRA hearing related to only one of
the six robberies, the apparent lack of evidence for the other
five crimes does not constitute "clear and convincing evidence"
sufficient to rebut the PCRA court's factual finding that
Petitioner's testimony regarding his reasons for pleading guilty

was not credible.  Nor is the purported lack of evidence regarding five robberies sufficient to rebut the PCRA's finding that Petitioner's counsel – who testified that the reason Petitioner pleaded guilty was because he was guilty – was credible.  Therefore, the Court will rely on the credibility findings of the PCRA court to determine that Petitioner has not satisfied the second prong of <u>Strickland</u>.

As Petitioner has not demonstrated that the state court's denial of his ineffective assistance of counsel claim was contrary to clearly established federal law, or based upon an unreasonable application of the facts, the Court will deny the Petition with respect to the ineffective assistance of counsel claim asserted in Ground One.

### 2.  Due Process

Next, Petitioner objects that Judge Heffley failed to consider his due process claim, in which he asserted that his rights to "due process" were violated when the Commonwealth threatened him with an "illegal" sentence in order to induce a guilty plea.  Objs. at 2; Pet. at 8.

First, contrary to Petitioner's assertions, the R&R did address this claim.  Judge Heffley recommended that the Court deny Petitioner's "due process" claim for the same reasons as his ineffective assistance of counsel claim, stating: "to the

extent that Arnold argues that he was denied an opportunity to withdraw his plea after it was learned that the Commonwealth had threatened him with an illegal sentence to secure the plea, that claim likewise fails."  R&R at 17 n.6.

Petitioner contends that his rights to due process were violated when the prosecutor in his case threatened him with an illegal sentence to induce a guilty plea.  Although Petitioner frames this in terms of the threats he received from the prosecutor, Petitioner is essentially asserting that his guilty plea was not knowing and voluntary, in violation of the Due Process Clause of the Fourteenth Amendment.  See McCarthy v. United States, 394 U.S. 459, 466 (1969).

To the extent Petitioner is making a claim that his guilty plea was not knowing or voluntary, that claim was not raised in his amended PCRA petition.  A federal district court reviewing a habeas petition under § 2254 may not grant a writ unless the petitioner has first exhausted his remedies in state proceedings.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)).  To exhaust such state remedies, a petitioner must "fairly present[]" the issue to the state courts.  Picard v. Connor, 404 U.S. 270, 275 (1971).  Fair presentation to state courts is satisfied when a petitioner has presented his claims through "one 'complete round of the State's established appellate review process.'"  Woodford v. Ngo, 548

U.S. 81, 91 (2006) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

Here, Petitioner never raised the voluntariness claim in his amended PCRA petition. Therefore, he has not exhausted his state law remedies with respect to that claim, and this Court cannot consider it. See Lambert, 134 F.3d at 513.

Even if the Court were to reach Petitioner's claim, however, Judge Heffley correctly found that it is meritless. A guilty plea will not stand unless it is voluntary and knowing. A trial judge may not accept a guilty plea without an affirmative showing of defendant's intelligent and voluntary entry thereto. Boykin v. Alabama, 395 U.S. 238, 242 (1969). A thorough plea colloquy is "but a means toward determining whether the plea was voluntary and knowing." United States v. Stewart, 977 F.2d 81, 84 (3d Cir. 1992).

Here, there is no evidence that Petitioner's plea was not voluntary and knowing. Although Petitioner claims that the prosecutor "threatened" him with a third strike sentence, he does not point to any facts in support of this conclusory allegation. Instead, Petitioner merely asserts, without any detail, that "the State, counsel and the Plea Court told [Petitioner] that he was eligible for, and would receive, a third strike of 25 years to life." Objs. at 2.

As discussed above, there is no evidence that Petitioner's ultimate advice from his trial counsel regarding his sentencing exposure was incorrect. With respect to Petitioner's allegation that the prosecutor and the trial court told him that he was eligible for a third strike, Petitioner is correct in noting that there was initial confusion regarding the proper eligibility for sentencing enhancements based on previous convictions. Any initial confusion, however, was cleared up in the plea hearing, or, at the latest, during the sentencing hearing. During the plea colloquy, Petitioner's plea counsel went through the motion to ensure that Petitioner understood the gravity of the open plea. See Open Guilty Plea Tr., ECF No. 7-5 at 7-8. Counsel asked "[Do y]ou understand that the maximum sentence for these felonies of the first degree is ten to [twenty] years in jail and a fine of no more than $25,000?" Petitioner answered, "Yes." Id. at 8. Petitioner's written plea colloquy contains more questions that point to his voluntary entry into an open guilty plea. See, e.g., Guilty Plea Colloquy ¶ 15, ECF No. 7-27 (admitting to the elements of the crimes of which he was accused), ¶ 22 (admitting that he understood the maximum sentence and fine that he could receive), ¶¶ 28-31 (admitting that he entered into the plea on his own free will and that no one forced or coerced him into entering a

plea of guilty), ¶¶ 32-34 (admitting to the adequacy of his plea counsel's representation).

Further, at the PCRA hearing, Petitioner acknowledged that, upon hearing the district attorney's remarks about a potential third strike, he did not move to withdraw his guilty plea and instead proceeded to sentencing. See Aug. 7 Tr. at 23-24. There is no indication in the record of the plea hearing that Petitioner was coerced into entering into an open guilty plea. There is also no indication in the record that Petitioner was ever actually threatened with a third strike sentencing enhancement. Instead, the prosecutor merely mentioned that the Commonwealth was researching the possibility of its application in this case. Given that Petitioner has not supported his allegation that the prosecutor and the trial court incorrectly informed him of his sentencing exposure, there is no evidence that his plea was not knowing and voluntary.

Therefore, even if the Court were to reach the claim, it is meritless.

A.  Grounds Two and Three: Ineffective Assistance of Counsel Claims

In Ground Two of the Petition, Petitioner raises three additional ineffective assistance of counsel claims: (1) that his plea counsel was ineffective for failing to move to suppress

an inculpatory statement made to police in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966); (2) that his plea counsel was ineffective for failing to object to the inadequate colloquy he received at his open guilty plea hearing; and (3) that his plea counsel was ineffective for failing to file a motion for Petitioner to withdraw his guilty plea. <u>See</u> Pet'r's Mem. at 23, 31. In Ground Three of the Petition, Petitioner claims that the cumulative effect of his trial counsel's errors amounted to ineffective assistance of counsel. <u>See</u> <u>id.</u> at 38.

Petitioner did not raise any of these claims in his amended PCRA petition.[2] As discussed above, a state prisoner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Procedural default of a ground for habeas relief occurs when a state petitioner fails to raise a specific ground for relief in the state courts and can no longer raise it under state law. <u>See</u> <u>Norris v. Brooks</u>, 794 F.3d 401, 404 (3d Cir. 2015). Under Pennsylvania state law, any

---

[2] Petitioner's initial, <u>pro se</u> PCRA petition did raise these claims. <u>See</u> ECF No. 7-3 at 18, 26. However, Petitioner's amended petition — the only petition considered by the PCRA court – did not address them. After a Petitioner amends a <u>pro se</u> PCRA petition, the operative petition is the amended one. <u>See also</u> <u>Commonwealth v. Perry</u>, 563 A.2d 511, 539 (Pa. Super. Ct. 1989) (holding that a Petitioner's mistakes in a pro se filing should not be counted against him until he is afforded the right to effective assistance of counsel); <u>cf.</u> <u>Commonwealth v. Sepulveda</u>, 144 A.3d 1270, 1280 (Pa. 2016) (holding that a "PCRA court does not have discretion to treat new claims raised by a PCRA Petitioner as an amended PCRA petition).

post-conviction petition, including second or subsequent

petitions, must be filed within one year of the date the

judgment becomes final.  See Pa. R. Crim. P. 9545(B).

Here, Petitioner's time to raise these claims in a new

PCRA petition has expired under Pennsylvania law, because more

than one year has elapsed since his conviction became final.

See id.  Petitioner does not assert that his claims fall within

any exception to that rule.  Therefore, his claims are

procedurally defaulted, and this Court cannot consider them.

See Coleman, 501 U.S. at 729.

Petitioner concedes that the remainder of his

ineffective assistance of counsel claims are procedurally

defaulted.  See Objs. at 10.  However, he argues that the Court

should excuse the procedural default under Martinez v. Ryan, 566

U.S. 1 (2012).  See Pet'r's Mem. at 22.  Specifically,

Petitioner argues that the procedurally defaulted grounds had

merit because his trial counsel would have been successful if he

raised various challenges to inculpatory evidence and because

his PCRA counsel would have been successful in raising his trial

counsel's ineffectiveness for failing to ensure a

constitutionally adequate plea colloquy.  See id. at 37.

In his objections, Petitioner claims that Judge

Heffley made numerous errors in reaching her conclusion that

Martinez did not save any of his procedurally defaulted claims,

including making assumptions based upon the factual record, relying on older case law, and ignoring Petitioner's allegations.  See Objs. at 10-16.

Procedural default "may be excused when the petitioner can prove both 'cause' for the default and 'actual prejudice' that resulted from the failure of the state court to hear the claim."  Glenn v. Wynder, 743 F.3d 402, 409-10 (3d Cir. 2014) (quoting Coleman, 501 U.S. at 750).  In Martinez, a state prisoner in Arizona collaterally challenged his conviction while his direct appeal was still pending.  566 U.S. at 5.  Arizona law did not allow for a criminal defendant to raise ineffective assistance of counsel claims on direct appeal, and so the petitioner waited until filing his post-conviction collateral challenge.  Id. at 4. However, his attorney failed to raise any colorable issues of ineffectiveness in that collateral proceeding.  Martinez filed a writ of habeas corpus to again challenge his trial counsel's competence but argued that his appellate counsel's incompetence provided cause for the procedural default.  Id. at 6.

Ruling for the petitioner, the Supreme Court recognized an exception to the procedural default doctrine that allows federal courts to review procedurally defaulted claims in state post-conviction collateral proceedings that are a prisoner's first opportunity to raise ineffective assistance of

counsel claims.  Id. at 13.  In order to obtain federal court review, a petitioner must establish both that (1) the failure of the PCRA counsel to raise the claim initially itself "constituted ineffective assistance of counsel under Strickland and (2) the underlying ineffective assistance of trial counsel claim is 'a substantial one,' which is to say 'the claim has some merit.'"  Glenn, 743 F.3d at 410 (citing Martinez, 566 U.S. at 14).  This is a very high bar.  See Martinez, 566 U.S. at 9 (explaining that this path is a "narrow exception").

Pennsylvania law does not allow ineffective assistance of counsel claims to be brought on direct appeal.  See Commonwealth v. Grant, 813 A.2d 767, 738 (Pa. 2002).  Therefore, Petitioner's PCRA petition was his first opportunity to bring his ineffective assistance of counsel claims, and the narrow exception identified in Martinez may apply here.

Thus, if Petitioner is able to show that (1) his PCRA counsel's decision not to bring the procedurally defaulted claims constituted ineffectiveness under Strickland, and (2) his underlying ineffective assistance of counsel claims have "some merit," Petitioner may be able to demonstrate "cause" to excuse the procedural default and have his claims heard in this Court. Martinez, 566 U.S. at 14.  For the reasons discussed below, Petitioner has not made that showing with respect to any of his procedurally defaulted claims.

1.  Ineffective Assistance of Counsel for Failure to
    Move to Suppress

Petitioner's first procedurally defaulted claim is
that his trial counsel was ineffective for failing to move to
suppress an inculpatory statement Petitioner made the police
after his arraignment.  See Pet'r's Mem. at 23.  The inculpatory
statement at issue was essentially a confession to the robberies
of which Petitioner was accused.  See R&R at 21-22; Aug. 31 PCRA
Tr. Ex. C-1.

Petitioner asserts that he repeatedly asked for
counsel on the night of his arrest and was told that he would
not receive an attorney until the morning.  See Pet'r's Mem. at
24-25.  According to Petitioner, instead of providing him
counsel, the police officers repeatedly questioned him,
arraigned him, and interviewed him, all without an attorney
present.  See id. at 25.  Petitioner explains that he signed a
Miranda waiver and gave a confession to the police officers
because he "had not eaten a real meal in a few days" and was
told that he would be given breakfast and be permitted to make a
phone call if he spoke with detectives.  Id.  Petitioner claims
that he told his plea counsel that he had repeatedly asked for
an attorney prior to signing the Miranda waiver, and his plea
counsel told him that they could not challenge the confession
because of the waiver.  See id. at 26-27.

35

After an arrest, law enforcement officers are required to inform the arrestee of several of his/her constitutional rights.  See Miranda v. Arizona, 384 U.S. 436, 444 (1966). Among those rights is the right to remain silent.  Id. Petitioner correctly asserts that once an invocation of counsel is made, law enforcement officers must cease questioning of a suspect until the suspect is able to consult with counsel.  See Rhode Island v. Innis, 446 U.S. 291 (1980); see also Minnick v. Mississippi, 498 U.S. 146, 152-53 (1990) (holding that once a defendant has invoked the right to counsel, interrogations must cease until the defendant's counsel is present).  Mere continuation of conversation or answering questions of the police does not amount to a waiver of a suspect's Miranda rights.  Edwards v. Arizona, 451 U.S. 477, 486 (1981).  However, a written statement attesting to the waiver of a suspect's Miranda rights is "strong proof of the validity of that waiver." North Carolina v. Butler, 441 U.S. 369, 373 (1979).  A waiver of Miranda rights is only valid if it is made knowingly and voluntarily.  Id.  The voluntariness of a suspect's waiver of Miranda rights is a mixed question of law and fact subject to plenary review by the federal courts.  Ahmad v. Redman, 782 F.2d 409 (3d Cir. 1986).

Here, Petitioner claims that he invoked his right to counsel "repeatedly for hours and hours and hours on end."  Aug.

Hr'g Tr. at 28.  Although Petitioner acknowledges that he signed the Miranda waiver, he claims that he did so under duress, after the officers withheld food.  In his objections, Petitioner repeats his version of events, adding the additional details that (1) he first requested an attorney while sitting in a police vehicle outside his home the night before he signed the Miranda waiver and gave his confession; and (2) he was "very clear that he would not be speaking to the police without a lawyer present."  Objs. at 11.

As Judge Heffley notes, Petitioner offers only a threadbare allegation that he was denied his request for an attorney, one that is undermined by his own testimony at the PCRA hearing.  When Petitioner was questioned about his statement to the police, Petitioner did not say that he was denied his request for an attorney.  Instead, he admitted that he "remember[ed] very little from that morning."  Aug. 31 PCRA Tr. at 27-29.  Petitioner's unsupported allegations in his Petition, together with own admission that "he remember[ed] very little from [the] morning" after his arrest, are insufficient to overcome the presumption that his Miranda waiver was valid.  Petitioner's assertion that he was not given breakfast is also not sufficient to overcome the waiver.  See Berghuis v. Thompkins, 560 U.S. 370 386-87 (2010) (holding that discomfort

alone of a defendant during an interrogation does not rise to the level of rebutting the validity of a Miranda waiver).

In order to have his procedurally defaulted claim heard on the merits, Petitioner must demonstrate that his trial counsel was ineffective for failing to file the motion to suppress. Glenn, 743 F.3d at 410 (citing Martinez, 566 U.S. at 14). Given the existence of the waiver, Petitioner has not demonstrated that his trial counsel's decision not to file a motion to suppress the confession fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88.

Nor does Petitioner establish, under the second prong of Strickland, that, but for his counsel's failure to file a motion to suppress, he would not have pleaded guilty and would have gone to trial. Petitioner must introduce more than "[m]ere allegations . . . that he would have pleaded differently and insisted on going to trial," which are insufficient on their own to establish prejudice. Gargano v. United States, 852 F.2d 886, 891 (7th Cir. 1988). As explained above, the PCRA court found credible the testimony of Petitioner's trial counsel, who explained that Petitioner pleaded guilty because he was "essentially caught." Aug. 31 PCRA Tr. at 14. Even if Petitioner's counsel had successfully litigated a motion to suppress Petitioner's confession, there was ample other evidence against him. For example, with respect to one of the robberies,

officers recovered a bag containing a fake gun of the same make and model as the one used in the robberies, together with a Walmart receipt that indicated that Petitioner purchased the fake gun with his own credit card. See R&R at 23 (quoting Sentencing Tr. at 20-21). Thus, Petitioner does not establish that, had his counsel filed a motion to suppress his confession, he would have pleaded not guilty and gone to trial.

In his objections, Petitioner draws a distinction between the bank robbery, for which the fake gun and receipt were found, and the other six robberies, for which he contends there was no evidence. Objs. at 13-15. He explains that the evidence of the bank robbery cannot be used to establish that he would have pleaded guilty even if his counsel had successfully litigated a motion to suppress the confession, because it only relates to one of the seven robberies. According to Petitioner, he is innocent of the other six robberies and would not have pleaded guilty if his confession (which he contends he only made because he was not provided with an attorney) was suppressed.

However, the evidence of the bank robbery was not the sole reason that Judge Heffley recommended finding that Petitioner had not met his burden to establish the second prong of Strickland. Petitioner must do more than introduce "mere allegations" that he would not have pleaded guilty and would have proceeded to trial, which he has not done. Considering

Petitioner's counsel's testimony at the PCRA hearing that Petitioner pleaded guilty because he was guilty – which the PCRA court found credible – Petitioner has failed to meet his burden.

For the same reasons, Petitioner fails to show that his PCRA attorney was ineffective for failing to litigate the ineffectiveness of his trial counsel with respect to the motion to suppress the confession. Even if Petitioner had shared his version of events with his PCRA counsel – which Petitioner does not squarely allege he did – his PCRA counsel's decision not to bring an ineffective assistance of counsel claim on the basis of the failure to file a motion to suppress does not fall below an objective standard of reasonableness in light of the <u>Miranda</u> waiver and Petitioner's admission that he did not remember the morning in question. As a result, the Court will overrule Petitioner's objection to the R&R and deny Petitioner habeas relief on this ground.

### 2. <u>Ineffective Assistance of Counsel for Failure to Ensure Adequate Plea Colloquy</u>

Next, Petitioner contends that his plea counsel was ineffective for failing to ensure that his plea colloquy was adequate. His objection focuses on only one point: that counsel failed to inform him "of the maximum sentence he was facing." Objs. at 15.

The record is crystal clear, however.  Counsel informed Petitioner that "the maximum sentence for these felonies of the first degree is ten to [twenty] years in jail and a fine of no more than $25,000. . .".  Open Guilty Plea Tr. at 8.  While Petitioner is correct in that the oral plea colloquy never broached the subject of consecutive sentences, it did not need to because that information was already included in the written plea colloquy.  Guilty Plea Colloquy ¶ 22; see also Pa. R. Crim. P. 590 cmt. ("[N]othing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings.  This written colloquy would have to be supplemented by some on-the-record oral examination.");  Commonwealth v. Moser, 921 A.2d 526, 529 (Pa. Super. Ct. 2007) (citing Pa. R. Crim. P. 590 cmt.); Gates v. Capozza, No. 14-2392, 2016 WL 3090405, at *14 (M.D. Pa. June 1, 2016).  Petitioner admitted that he read and answered the questions asked of him in the written colloquy during the oral colloquy.  Open Guilty Plea Transcript at 12.  Furthermore, although the oral colloquy did not cover every requirement contained in Rule 590, it did not need to as the oral colloquy need only supplement the written colloquy.  Federal courts have recognized that, where Pennsylvania's colloquy requirements are met, federal law requires nothing further.  Carrion v. Corbett, No.

08-1171, 2008 WL 2405031, at *4 (E.D. Pa. June 13, 2008) (citing Taylor v. Horn, 504 F.3d 416, 440-44, 447 (3d Cir. 2007)).

In his objections, Petitioner focuses on the fact that counsel explained that the maximum sentence was 10 to 20 years in jail "for the felonies for which he was pleading guilty," and did not mention any second or third strike enhancements. Objs. at 15. According to Petitioner, it is "obvious" that his counsel was referring only to the statutory maximums for first degree felonies in Pennsylvania without any sentencing enhancements, and that any second or third strike enhancements would be in addition to the maximum sentence provided by his counsel. Id. As a result, according to Petitioner, he was never accurately informed of his true maximum sentence. However, the maximum sentence as stated by Petitioner's counsel did include an enhancement: the second strike enhancement. It was the second strike which provided the ten-year mandatory minimum sentence. See Pa. Cons. Stat. Ann. § 9714(a)(1). Therefore, Petitioner is incorrect that the colloquy "simply did not cover what [Petitioner] was facing." Objs. at 15.

As Petitioner was correctly informed of the maximum sentence he faced during the plea colloquy, his arguments are both factually and legally meritless. Therefore, the Court will overrule Petitioner's objection to the R&R and deny Petitioner habeas relief on this ground.

42

3.   Ineffective Assistance of Counsel for Cumulative
     Effects

Finally, Petitioner objects to Judge Heffley's determination that his "cumulative effect" ground fails.  As a preliminary matter, Petitioner's objection to this claim is forty-six words, contained in three sentences.[3]  This is an unspecific objection to the R&R, which this Court need not review de novo.  See Brown, 649 F.3d at 195.

Even if the Court were to find that Petitioner's objection is specific enough to warrant review, the Court would deny the objection because Petitioner fails to show that the underlying claim would have merit.  Glenn, 743 F.3d at 410.

When an individual error does not warrant habeas relief, the cumulative effect of multiple errors may.  Marshall v. Hendricks, 307 F.3d 36, 94 (3d Cir. 2002).  These errors, combined together, would have to show that a petitioner's counsel's performance fell below an objective standard of reasonableness or would have altered the outcome of the case. Pitts v. United States, 122 F. Supp. 3d 221, 234 (E.D. Pa. 2015) (citing Strickland, 466 U.S. at 694).

_____

[3]      Objs. at 16 ("[Petitioner] disagrees with the R&R.  He argues that he has, again, shown these issues to have merit and individually require relief.  In the least, taken as a whole, it is easy to see how counsel's negligence, or apathy, led to a wholly inadequate representation under Strickland.").

Here, Petitioner has failed to prove that his counsel's mistakes, combined together, have a cumulative effect that would render his performance constitutionally deficient under Strickland. In fact, Petitioner has failed to prove that his counsel (plea or PCRA) made any mistakes. Petitioner's allegations of apathy and negligence from his counsel do not amount to warranting habeas relief when considering the totality of the evidence against Petitioner. Cf. Dennis v. Sec'y, Pa. Dep't Corr., 834 F.3d 263, 311-12 (3d Cir. 2016) (holding that multiple failures of the Commonwealth to turn over discovery information under Brady v. Maryland, 373 U.S. 83 (1963), constituted error, the cumulative effect of which "command[ed]" a new trial).

Because Petitioner has failed to show that his counsel's errors, considered together, warrant habeas relief, the Court will overrule Petitioner's objection to the R&R and deny habeas relief on this claim.

## IV. CERTIFICATE OF APPEALABILITY

When denying a § 2254 petition, a district court must also determine whether to issue a certificate of appealability. See 3d Cir. Local App. R. 22.2. A district court may issue a certificate of appealability only if the petitioner "has made a

substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253(c)(2).

Here, Petitioner has not made a substantial showing of the denial of a constitutional right. Reasonable jurists would not find this conclusion debatable. Therefore, the Court declines to issue a certificate of appealability.


**V.    CONCLUSION**

For the foregoing reasons, the Court will overrule Petitioner's objections, approve and adopt the R&R, and deny the Petition, without issuing a certificate of appealability.